Jack O. ROSE, Appellant,

v.

Togo D. WEST, Jr., Acting Secretary
of Veterans Affairs, Appellee.

No. 96–918.

United States Court of Veterans Appeals.

April 20, 1998.

Ronald L. Smith, Washington, DC, was on brief for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Jacqueline M. Sims, Senior Appellate Attorney, Washington, DC, were on brief for appellee.

Before KRAMER, HOLDAWAY, and IVERS, Judges.

KRAMER, Judge:

The appellant, Jack O. Rose, appeals a May 3, 1996, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a back disorder (Record (R.) at 6–25), subsequent to the Court's remand decision that new and material evidence had been submitted to reopen the appellant's claim (R. at 284). This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will reverse the decision of the BVA and remand the matter with an order that the Board grant service connection for a back disability and for the prompt assignment of an appropriate disability rating for the appellant's back condition.

## I. RELEVANT BACKGROUND

The appellant served in the U.S. Coast Guard from November 1951 to May 1954. R. at 28. He has averred that he injured his back while lifting a hatch on-board ship in March 1952 (R. at 125) and has submitted a statement from a fellow serviceman who was present when this event occurred (R. at 110). The appellant's service medical records reveal that he was treated for back pain in service first in March 1952 and repeatedly thereafter until at least August 1953. R. at 43, 46–48, 52, 54, 58. In 1985, the appellant was diagnosed by Dr. Ira M. Hardy, II, as having profound lumbar disc disease marked by large, bulging discs in the L3–L4 and L4–L5 joints, a degenerative disc in the L5–S1 joint, and nerve root impingement. R. at 86.

This diagnosis has been supported by similar diagnoses from Drs. John R. Kindell (R. at 90), Matthew L. Zettl (R. at 94), and Ralph M. Coonrad (R. at 251). Of these three doctors, Dr. Zettl characterized the appellant's condition as "lumbar disc disease, as well as degenerative arthritis of the lumbar spine" (R. at 94), and Dr. Kindell stated, "I feel there is no doubt that this man's present disability is directly related to his original injury of 28 March 1952" (R. at 200). Finally, without providing a specific diagnosis, Dr. Richard W. Borden stated: "After thorough review of [the appellant]'s medical history, including his service records, it is my professional opinion that the continued back problem is, with[ ]out a doubt related to his service injury in 1952." R. at 160.

Based on the diagnoses discussed above, the BVA characterized the appellant's condition as "[d]egenerative arthritis of the lumbosacral spine with disc disease and nerve root impairment." R. at 9. After the Board expressly found that he did not have a back condition prior to service, the Board concluded that "[d]egenerative arthritis of the lumbosacral spine with disc disease was not incurred in or aggravated by service, nor may arthritis be presumed to have been so incurred." *Id.* In denying his claim, the BVA stated, in essence, that the appellant's evidence did not meet the requirements of 38 C.F.R. § 3.303(b) (1997). R. at 19, 22–24.

## II. ANALYSIS

Establishing service connection generally requires medical evidence of a current disability, *see Rabideau v. Derwinski,* 2 Vet.App. 141 (1992); medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table); *see also Epps v. Gober,* 126 F.3d 1464, 1468 (Fed.Cir.1997) (expressly adopting definition of wellgrounded claim set forth in *Caluza, supra* ), *petition for cert. filed,* No. 97–7373 (Jan. 5, 1998); *Heuer v. Brown,* 7 Vet.App. 379 (1995); *Grottveit v. Brown,* 5 Vet.App. 91

(1993). Alternatively, under 38 C.F.R. § 3.303(b), service connection may be awarded for a "chronic" condition when: (1) a chronic disease manifests itself and is identified as such in service (or within the presumption period under 38 C.F.R. § 3.307 (1997)) and the veteran presently has the same condition; or (2) a disease manifests itself during service (or during the presumptive period) but is not identified until later, there is a showing of continuity of symptomatology after discharge, and medical evidence relates the symptomatology to the veteran's present condition. *See Savage v. Gober,* 10 Vet.App. 488, 495–98 (1997).

A finding of service connection is a finding of fact. *See Russo v. Brown,* 9 Vet.App. 46, 50 (1996); *Horowitz v. Brown,* 5 Vet.App. 217, 221 (1993). The Court reviews BVA fact finding under a "clearly erroneous" standard of review. Under this standard "if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). However, the Board may not substitute its own unsubstantiated medical conclusion to refute medical evidence favorable to a claim. *See Alemany v. Brown,* 9 Vet.App. 518, 519 (1996); *Thurber v. Brown,* 5 Vet.App. 119, 120–22 (1993).

The Secretary's brief concedes that "there is no medical opinion of record that supports the Board's conclusion that the [a]ppellant's back disorder is not related to service," and that the Board relied on its own unsubstantiated medical conclusion to refute the appellant's favorable evidence. Secretary's Brief at 13–15. However, the Secretary argues that the Board's decision should not be reversed, but rather that the decision should be vacated and the matter should be remanded for further adjudication. The essence of the Secretary's position appears to be, like that of the Board, that the appellant cannot be granted service connection because he cannot satisfy the requirements of § 3.303(b).

The Secretary's position is without merit. Section 3.303(b) provides an *alternative* method of demonstrating entitlement to service connection. *Savage,* 10 Vet.App. at 495–96 (section 3.303(b) is provision that vet-

eran *"may* utilize" because it provides "a *substitute* way" of proving service connection) (emphasis added). Nothing in § 3.303(b) requires that its criteria must be met to establish service connection. To the contrary, it is clear that service connection may be established by medical evidence of an in-service injury or aggravation, medical evidence of a current condition, and medical evidence of a nexus between the two. *See Caluza, supra.* This is not to say that medical evidence of nexus could not be rebutted, in an appropriate case, by medical evidence that demonstrates the significance of a lack of continuity of symptomatology. However, no such evidence exists and it is not the function of judicial review simply to accord the government a remand to obtain such evidence.

 Whether a disability is incurred in or aggravated during service or incurred during a presumption period is a finding of fact. *See Russo;* and *Horowitz, supra.* This Court reviews BVA fact finding under a "clearly erroneous" standard of review. Under this standard "if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert,* 1 Vet.App. at 53. Here, each of the three requirements under *Caluza* is unequivocally supported by the medical evidence submitted by the appellant. There is no medical evidence in the record that is contrary to the appellant. As the Secretary concedes, the Board improperly refuted this evidence with its own unsubstantiated medical opinion. *See Alemany, supra.* Because the BVA has articulated no valid basis for denying service connection, its decision is not plausible and is, accordingly, clearly erroneous. *See Russo* and *Gilbert, supra.*

In view of the uncontested nature of the evidence of service connection, the Board's decision must be reversed. *See Traut v. Brown,* 6 Vet.App. 495, 500 (1994) (where medical evidence of record addresses all elements of service connection, is uncontradicted by competent evidence, and definitively supports appellant's position, reversal rather than remand is appropriate); *Harder v. Brown,* 5 Vet.App. 183, 189–90 (1993); *Willis*

*v. Derwinski,* 1 Vet.App. 66, 70 (1991). *Cf. Talley v. Brown,* 6 Vet.App. 72, 74–75 (1993) (vacating and remanding claim where appellant's favorable medical evidence characterized his claim as merely "plausible").

### III. CONCLUSION

The May 3, 1996, BVA decision is REVERSED and the matter is REMANDED for the BVA to award service connection for a back disorder and for the prompt assignment of an appropriate disability rating for the back condition.