**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 05-0625

Erika E. Taylor, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    May 9, 2007    )

*Erika E. Taylor, pro se.*

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Mark M. McNabb*, all of Washington, D.C., for the appellee.

Before KASOLD, LANCE, and SCHOELEN, *Judges*.

KASOLD, *Judge*: Mrs. Erika E. Taylor, surviving wife of veteran Theodore Taylor, appeals pro se a January 14, 2005, decision of the Board of Veterans' Appeals (Board) that denied her claim for accrued benefits because her deceased husband's (1) pending disability compensation claim for a seizure disorder was not service connected, and (2) claim for an effective date earlier than June 2, 1997, for a 100% disability rating for chronic obstructive pulmonary disease (COPD) was not pending at the time of his death. For the reasons set forth below, the Board's decision will be affirmed in part, reversed in part, and set aside in part and remanded for further adjudication.

**I. BACKGROUND**

Mr. Taylor served in the U.S. Army from November 1955 to October 1958. Thereafter he submitted a claim for disability compensation for a seizure disorder that was denied several times but reopened in a May 2000 Supplemental Statement of the Case (SSOC) based upon new and

material evidence. Although reopened, the SSOC denied service connection for his seizures. In September 1992, Mr. Taylor also submitted a claim for disability compensation for COPD that was denied several times. In August 2000, his COPD service-connection claim was granted and he was assigned a 100% disability rating, effective June 2, 1997, the date his COPD claim had been reopened. Mr. Taylor died on September 26, 2000.

In October 2000, Mrs. Taylor filed a claim for dependency and indemnity compensation (DIC) benefits, which necessarily included a claim for accrued benefits. *See* 38 U.S.C. § 5101 (b)(1); *see also* 38 C.F.R. § 3.1000(c) (2006). Although her claim for DIC was granted, her claim for accrued benefits was denied and that denial was sustained by the Board for the reasons stated above.

## II. DISCUSSION
### A. Applicable Accrued Benefits Law

An accrued-benefits claim is derivative of the veteran's claim. *See Zevalkink v. Brown,* 102 F.3d 1236, 1242 (Fed. Cir. 1996). Accordingly, an accrued beneficiary is entitled only to as much as the veteran was entitled to at the time of his death. *Id.* at 1241. When a veteran's claim had not yet become final at the time of his death, the evidence in the file at the time of death may be reviewed to determine whether any benefits were due, and such payments may be paid to an accrued-benefits beneficiary. *See* 38 U.S.C. §§ 5101, 5121(a) (2002); 38 C.F.R. § 3.1000(a); *Jones v. West,* 136 F.3d 1296, 1299 (Fed. Cir. 1998) (holding that if a veteran had a claim pending at death, the accrued beneficiary may be paid any benefits due based on evidence in the file at the date of death).

### B. Adjudication of Claim for Accrued Benefits
### for Disability Compensation for a Seizure Disorder

Because Mr. Taylor died while his claim for disability compensation for a seizure disorder was in administrative appellate status, the Board determined that his claim was pending at the time of his death and considered Mrs. Taylor's accrued-benefits claim based upon evidence in the file at the time of her husband's death. After reviewing the entire record, the Board determined that the evidence did not establish that Mr. Taylor's seizure disorder occurred in service or within a year after

service. It further noted that there was no competent medical evidence linking his seizure disorder to service. The Board denied service connection. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995) (holding that to prove service connection, a claimant must submit (1) evidence of a current disability, (2) medical evidence or in certain circumstances, lay testimony of an in-service incurrence or aggravation of an injury or disease, and (3) medical evidence of a nexus between the current disability and the in-service disease or injury), *aff'd per curiam,* 78 F.3d 605 (Fed. Cir. 1996).

The Board's denial of service connection for Mr. Taylor's seizure disorder is plausible in light of the record as a whole and is not clearly erroneous, and its statement of reasons and bases is understandable and facilitative of review.[1] Inasmuch as an accrued-benefits claim is derivative of the veteran's claim, *see Zevalkink,* 102 F.3d at 1242, the Board properly denied Mrs. Taylor's accrued-benefits claim associated with her husband's claim for disability compensation for a seizure disorder.

## C. Adjudication of Claim for Accrued Benefits
### for Disability Compensation for COPD

In contrast to its finding that Mr. Taylor's disability compensation claim for a seizure disorder was in administrative appellate status and therefore not final, the Board found that his disability compensation claim for COPD was not pending at the time of his death, all payments due Mr. Taylor had been paid to him, and there were no accrued benefits due. In concluding that there was no pending claim, the Board found that Mr. Taylor had not initiated an appeal by filing a Notice of Disagreement (NOD) before he died. Although this is correct, it fails to give import to the fact that Mr. Taylor had a full year after the August 2000 RO decision, that assigned a 100% disability rating effective June 2, 1997, to submit an NOD. *See* 38 U.S.C. § 7105 (b)(1); 38 C.F.R. § 20.302 (2006);

---

[1] *See Allday v. Brown,* 7 Vet.App. 517, 527 (1995) (holding that the Board's statement "must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as facilitate informed review in this Court"); *see also Rose v. West,* 11 Vet.App. 169, 171 (1998) (finding that a Board's determination of service connection is reviewed under the "clearly erroneous" standard set out in 38 U.S.C. § 7261(a)(4)); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (stating that a finding of material fact is clearly erroneous when the Court, after reviewing the entire evidence, "'is left with the definite and firm conviction that a mistake has been committed'" (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948))); *see also* 38 U.S.C. § 7104 (a), (d)(1) (stating that decisions of the Board shall be based on applicable provisions of law and regulation and that the Board shall provide a written statement of reasons or bases for its conclusions).

*see also Moore v. West,* 13 Vet.App. 69, 71-72 (1999) ("[A]n NOD must be filed within one year from the date of mailing of notice of the result of initial review and determination made by the VARO.").

Thus, at the time of his death in September 2000, almost 11 months remained of the period in which an NOD otherwise could have been filed. This is significant because "a pending claim" is defined by VA regulation as "an application, formal or informal, which has not been finally adjudicated," 38 C.F.R. § 3.160(c)(2006), and this same regulation defines a "finally adjudicated claim" as one "which has been allowed or disallowed by the agency of original jurisdiction, the action *having become final by the expiration of 1 year after the date of notice of an award or disallowance,* or by denial on appellate review, whichever is earlier." 38 C.F.R. § 3.160(d) (emphasis added); *cf. Teten v. West,* 13 Vet.App. 560, 562 (2000) (finding that a deceased veteran's claim was pending when he died after a Board decision but before the expiration of the 120-day Notice of Appeal filing period). Because a surviving spouse takes a deceased spouse's claim "as it stands on the date of death," *Zevalkink,* 102 F.3d at 1242, Mrs. Taylor filed her accrued-benefits claim while her husband's claim was still pending, i.e., it was not yet a "finally adjudicated claim." Inasmuch as Mr. Taylor's disability compensation claim based on COPD was not a finally adjudicated claim at the time of his death, upon receiving Mrs. Taylor's application for accrued benefits and assertion of error in the decision awarding her husband disability compensation with an effective date of June 2, 1997, the Board should have reviewed his claims file to ascertain whether the claim of error had merit or not. *See* 38 U.S.C. § 5121(a); *Jones, supra*.

The Secretary contends that there is no error warranting remand because Mr. Taylor was not entitled to an earlier effective date (EED) as a matter of law because the effective date was the date of his claim to reopen and no earlier date may be assigned. This contention is wrong. So too is the Secretary's contention that, because Mr. Taylor was paid benefits back to 1997 and accrued benefits may only be paid for the two-year period prior to the a claimant's death, i.e., only back to September 1998, Mr. Taylor could not be entitled to receive any additional benefits.

With regard to the assignment of an EED, although an effective date generally can be no earlier than the date a claim to reopen was submitted, there are exceptions. One such exception is when the claim is reopened based on previously missing service records, in which case the effective

4

date can be as early as the "date of receipt of claim on which prior evaluation was made. " 38 C.F.R. § 3.400(q)(2)(2006). Accordingly, an EED is not precluded as a matter of law. Moreover, the record on appeal contains documents suggesting that missing service medical records were obtained as part of the reopened claim. *See* R. at 209. With regard to any limitation on the time period for which accrued benefits may be paid, the Federal Circuit has rejected an interpretation that accrued benefits could only be paid for the two-year period preceding the death of a claimant; benefits may be paid for any two-year period that they are otherwise due and unpaid.[2] *See Terry v. Principi*, 367 F.3d 1291, 1294-95 (Fed. Cir. 2004). To the extent that the Secretary is arguing that Mr. Taylor's receipt of retroactive benefits for COPD from June 1997 until his death in September 2000 consumed the maximum two-year allotment for which accrued benefits might have been paid, his argument is inapposite. Mrs. Taylor is seeking an effective date earlier than June 1997, a period for which benefits have not been paid. If an EED is warranted, Mrs. Taylor would be entitled to payment of the associated accrued benefits for a period not to exceed two years.

### III. CONCLUSION

That part of the Board's January 14, 2005, decision denying Mrs. Taylor entitlement to accrued benefits related to her husband's disability compensation for a seizure disorder is AFFIRMED, the finding of the Board that Mr. Taylor's claim for disability compensation for COPD was final is REVERSED, and that part of the Board's decision denying Mrs. Taylor entitlement to accrued benefits related to her husband's disability compensation for COPD is SET ASIDE and the matter is REMANDED for further adjudication consistent with this opinion.

---

[2] The Secretary notes correctly that the two-year limitation has been removed, but only for deaths occurring on or after December 16, 2003. *See* Secretary's Brief at 11; see also Veterans Benefits Act of 2003, Pub. L. No. 108-183, 117 Stat. 2651 (Dec. 16, 2003) (amending 38 U.S.C. § 5121(a)).