Citation Nr: 1008505 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-09 724A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. 
Petersburg, Florida


THE ISSUE

Entitlement to service connection for a psychiatric disorder, 
to include as secondary to a service-connected disability, 
for accrued benefits purposes.


REPRESENTATION

Appellant represented by: Kenneth B. Mason, Attorney at 
Law


ATTORNEY FOR THE BOARD

S. Coyle, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1965 to 
October 1968, and died on December [redacted], 2006. The appellant 
is the Veteran's widow. 

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal from a June 2007 decision by the 
Montgomery, Alabama, Regional Office (RO) of the Department 
of Veterans Affairs (VA), denying entitlement to service 
connection for a psychiatric disorder for accrued benefits 
purposes. A timely appeal was noted from that decision. 

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the 
appellant if further action is required.


REMAND

An accrued benefits claim arises after a Veteran has died. 
Although a Veteran's claim does not survive his death, see 
Landicho v. Brown, 7 Vet. App. 42, 47 (1994), certain 
individuals, such as surviving spouses, may be entitled to 
accrued benefits under certain conditions. 38 U.S.C.A. 
§ 5121. A claim for accrued benefits must be filed within 
the year after the Veteran's death. 38 U.S.C.A. § 5121; 38 
C.F.R. § 3.1000. 

In order to support a claim for accrued benefits, the Veteran 
must have had a claim pending at the time of his death for 
such benefits or else be entitled to them under an existing 
rating or decision. 38 U.S.C.A. §§ 5101(a), 5121(a); Jones 
v. West, 136 F.3d 1296 (Fed. Cir. 1998). 


The Veteran's claim for service connection for a psychiatric 
disorder was most recently denied by the Board in a decision 
dated in August 2004. The Veteran subsequently appealed that 
decision to the United States Court of Appeals for Veterans 
Claims (Court). A single judge decision was issued in 
September 2006, vacating the August 2004 decision and 
remanding the claim to the Board for readjudication. 
Specifically, the Court held that the evidence of record 
raised a theory of entitlement to service connection for a 
psychiatric disorder as secondary to a service-connected 
disability, and ordered that the Board consider the secondary 
service connection claim on the merits. Before the Board 
could take up the matter of secondary service connection, the 
Veteran died. Nevertheless, because the claim had been 
remanded to the Board for consideration of entitlement to 
secondary service connection, the Board finds that a claim 
for service connection was pending at the time of the 
Veteran's death. See Taylor v. Nicholson, 21 Vet. App. 126 
(2007). 

In June 2007, within one year of the date of the Veteran's 
death, the appellant filed a claim for dependency and 
indemnity compensation and death pension benefits. Under 
these circumstances, a claim for death pension, compensation, 
or dependency and indemnity compensation by a surviving 
spouse is deemed to include a claim for any accrued benefits. 
See 38 C.F.R. §§ 3.152(b)(1); 3.1000(c). 

As the Veteran had a claim for service connection pending at 
the time of his death, and the appellant filed what must be 
deemed to include a claim for accrued benefits within one 
year of the date of his death, the Board finds that the claim 
for accrued benefits must be adjudicated on the merits. See 
38 C.F.R. § 3.1000; Taylor v. Nicholson, 21 Vet. App. 126 
(2007). 

In considering the appellant's claim for accrued benefits, 
generally only evidence contained in the claims file at the 
time of the Veteran's death is evaluated. 38 U.S.C.A. § 
5121; 38 C.F.R. § 3.1000. However, in Hayes v. Brown, 4 Vet. 
App. 353, 360-61 (1993), the U.S. Court of Appeals for 
Veterans Claims (Court) held that service department and 
certain VA medical records are considered as being 
constructively in the claims file at the date of death 
although they may not physically be included with the file 
until after that date. See also 38 C.F.R. § 
3.1000(d)(4); Bell v. Derwinski, 2 Vet. App. 611 (1992).

In correspondence dated in June 2007, the appellant indicated 
that the Veteran had been treated at the VA Outpatient Clinic 
(OPC) in Jacksonville, Florida, until his death in December 
2006. The Veteran's death certificate reflects that his 
death was due in part to renal failure, for which the Veteran 
was service-connected. In fact, service connection for the 
cause of the Veteran's death has been granted. As the 
Jacksonville OPC records concern the Veteran's treatment for 
a service-connected disability, and since the claim at issue 
concerns service connection for psychiatric disorder as 
secondary to a service-connected disability, the Board finds 
that there is a possibility that the Jacksonville OPC records 
concerning the Veteran's treatment for service-connected 
disorders are relevant to the appellant's accrued benefits 
claim. Thus, VA's duty to assist the appellant in the 
development of her claim includes obtaining these VA 
treatment records and associating them with the claims file. 
See 38 U.S.C.A. § 5103(a)-(c); 38 C.F.R. § 3.1000(d)(4); 
Hayes v. Brown, 4 Vet. App. 353, 360-61 (1993). 

Accordingly, the case is REMANDED for the following action:

1. Contact the Jacksonville OPC and 
request that records of the Veteran's 
treatment dated from January 2005 to 
December 2006 at that facility be provided 
for inclusion with the claims folder. If 
such records are unavailable, a negative 
response should be obtained.

2. After the above has been completed, 
readjudicate the issue on appeal, taking 
into consideration all evidence added to 
the file since the most recent VA 
adjudication. If the issue on appeal 
continues to be denied, the appellant and 
her representative must be provided a 
supplemental statement of the case. The 
appellant must then be given an 
appropriate opportunity to respond. 
Thereafter, the case must be returned to 
the Board for appellate review.

The appellant has the right to submit additional evidence and 
argument on the matter the Board has remanded. Kutscherousky 
v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112.



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2008).