Citation Nr: 1826271 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 11-26 500A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

M. Coyne, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1993 to July 1997. He died in August 2007, and the appellant is his surviving spouse. She has appealed to the Board of Veterans' Appeals (Board/BVA) from an April 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

In an August 2007 rating decision, just prior to the Veteran's death, the RO determined that new and material evidence had not been received to reopen the claims of service connection for mechanical low back and neck syndromes, as well as for migraine headaches. At the time of the Veteran's death, the Veteran's claims to reopen service connection were not final adjudications since the one year expiration of the rating adjudication of the claims in August 2007 had not occurred. 38 C.F.R. § 3.1000(d)(5) (2017). See also Taylor v. Nicholson, 21 Vet. App. 126, 129 (2007) (where a Veteran dies before the expiration of one year following a rating decision, and an accrued benefits claimant files a claim within that same year, there is a claim pending at the time of the Veteran's death). In a July 2014 decision, the Board therefore, took jurisdiction over the new and material evidence claims for accrued benefits purposes in order to remand them for issuance of a Statement of the Case (SOC). However, the appellant did not elect to formally appeal these issues after issuance of an October 2014 statement of the case. The Board therefore does not have jurisdiction to further adjudicate these matters.

In July 2013, a Travel Board hearing was held at the RO before the undersigned Veterans' Law Judge. At the hearing, additional evidence was submitted by the appellant, with a corresponding waiver of agency of original jurisdiction consideration. See 38 C.F.R. § 21.1304 (2017). The issue on appeal was then remanded to the Agency of Original Jurisdiction (AOJ) for additional development in October 2014. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Unfortunately, due to reasons that follow, a remand is required. Although the Board regrets this delay, it is necessary to ensure the appellant is afforded adequate claim development assistance.

The Veteran died in August 2007. The certificate of death shows that the immediate cause of his death was blunt head, neck, and chest trauma due to an automobile rollover mishap. It was noted that the Veteran's blood alcohol level was 0.09 percent and a significant condition contributing to his death but not resulting in the underlying cause. It was stated that the Veteran's death was an accident, and it was reported that his vehicle left the roadway, became airborne, and then rolled over into a ditch. 

At the time of the Veteran's death among his service-connected disabilities was retinal detachment right eye. The appellant asserts that the Veteran's death was due to an episode of retinal detachment which caused him to lose control of the vehicle he was driving and crash. The record shows that the Veteran had a history of surgeries for retinal detachment. The appellant indicates that an eye specialist had informed the Veteran or her that the Veteran's retina would detach and he would become blind. The appellant presents a plausible argument regarding the cause of the Veteran's death. This is keeping in mind that the certificate of death indicates that the Veteran's death was due to an accident and his blood alcohol of 0.09 is only indicated as significant condition at death.

The July 2014 Board remand decision requested an opinion addressing the theory of entitlement that has been raised by the appellant. Although the requested opinion was procured in December 2015, that opinion only addressed whether the Veteran's right eye vision caused or contributed to the motor vehicle accident, not the likelihood that his right retina became detached shortly prior to the motor vehicle accident. Accordingly, remand of this claim is required for procurement of an addendum opinion.

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the examiner who provided the December 2015 cause of death opinion so a supplemental opinion may be provided. If that examiner is no longer available, provide the claims file to a similarly qualified clinician. The entire claims file (both the paper claims file and any relevant medical records contained in Virtual VA and/or VBMS) and a copy of this remand must be made available to the examiner for review, and the examiner must specifically acknowledge receipt and review of these materials in any reports generated.

a. The examiner should review the Veteran's January 2009 lay statement, her formal appeal, her Board hearing testimony, and the August 2007 EMT report.

b. After reviewing the claims file for the pertinent medical and other history, including the certificate of death, autopsy and coroner's report, police reports, and a complete copy of this remand, the examiner should provide an opinion as to the likelihood (very likely, as likely as not, or unlikely) the Veteran's service-connected retinal detachment of the right eye either caused or, contributed substantially or materially to his death. The examiner should discuss the appellant's lay statements, to include her January 2009 lay statement and Board hearing testimony as to the Veteran's right retina detaching shortly before the motor vehicle accident and the August 2007 EMT report regarding the condition of the Veteran's right eye following the accident.

c. The examiner must provide all findings, along with a complete rationale for his or her opinion(s), in the examination report. If any of the above requested opinions cannot be made without resort to speculation, the examiner must state so and provide a rationale for this conclusion, including an explanation of whether there is any potentially available information that, if obtained, would allow for a non-speculative opinion.

2. The AOJ must review the claims file and ensure that the foregoing development actions have been completed in full. If any development is incomplete, appropriate corrective action must be implemented. If any report does not include adequate responses to the specific opinions requested, it must be returned to the providing examiner for corrective action.

3. After undertaking any necessary additional development, readjudicate the issues on appeal. If the benefits sought on appeal remain denied, in whole or in part, the appellant and her representative must be provided with a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).