﻿Citation Nr: 18900014
Decision Date: 09/18/18 Archive Date: 09/18/18

DOCKET NO. 180515-27
DATE: September 18, 2018
ORDER
Service connection for the cause of the Veteran’s death is granted.
Accrued benefits are denied.

 
FINDINGS OF FACT
1. The Veteran’s endstage cirrhosis with hepatorenal syndrome is related to exposure to contaminated water at Camp Lejeune.
2. The Veteran’s endstage cirrhosis with hepatorenal syndrome contributed substantially or materially to the Veteran’s death.
3. There were no pending appeals or claims at the time of the Veteran’s death. 
CONCLUSIONS OF LAW
1. The criteria for entitlement to service connection for the cause of the Veteran’s death have been met. 38 U.S.C. §§ 1110, 1131, 1310, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.312.
2. The criteria for entitlement to accrued benefits have not been met. 38 U.S.C. § 5121; 38 C.F.R. § 3.1000.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The appellant chose to participate in BEAAM, the Board of Veterans’ Appeals (Board) Early Applicability of Appeals Modernization research program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from July 1964 to July 1968. He died in October 2017. The appellant is the Veteran’s surviving spouse.
The case is on appeal from a December 2017 rating decision.
The Board has limited the discussion below to the relevant evidence required to support its findings of fact and conclusions of law, as well as to the specific contentions regarding the case as raised directly by the appellant and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).
1. Service connection for the cause of the Veteran’s death.
Cause of Death Legal Criteria and Background
When a veteran dies from a service-connected disability, the veteran’s surviving spouse may be entitled to disability and indemnity compensation (DIC) benefits for the cause of death. 38 C.F.R. § 1310; 38 C.F.R. §§ 3.5(a), 3.312. In order to establish service connection for the cause of death, the evidence must show that a disability incurred in or aggravated by service was either the principal cause of death or contributed substantially or materially to the veteran’s death. 38 C.F.R. § 3.312(a). 
For a service-connected disability to constitute a contributory cause of death, it must be shown to have contributed substantially or materially to the veteran’s death; combined to cause death; aided or lent assistance to the production of death; or resulted in debilitating effects and general impairment of health to an extent that would render the veteran materially less capable of resisting the effects of other disease or injury causing death, as opposed to merely sharing in the production of death. 38 C.F.R. § 3.312(c).
At the time of his death, the Veteran had established service connection for migraine headaches and tinnitus. The appellant does not generally contend that these two conditions caused the Veteran’s death.
As listed on his October 2017 death certificate, the immediate cause of the Veteran’s death was endstage cirrhosis with hepatorenal syndrome. Other significant conditions contributing to death were atrial fibrillation, recent urinary tract infection, congestive heart failure, hypertension, anemia, obesity and obstructive sleep apnea. The Veteran had not established service connection for any of these conditions at the time of his death. 
Service Connection Legal Criteria
In relation to the primary contention, the Board will first address whether cirrhosis with hepatorenal syndrome warrants “service connection.”
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. “To establish a right to compensation for a present disability, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”—the so-called “nexus” requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).
For veterans who are presumed to have been exposed to contaminants in the water supply while serving at Camp Lejeune for no less than 30 days from August 1, 1953, to December 31, 1987, VA has established a presumption of service connection for certain diseases. 38 C.F.R. § 3.307(a)(7), 3.309(f). Although liver cancer is one of the eight conditions for which service connection is presumed for this type of service, endstage cirrhosis with hepatorenal syndrome is not one of the conditions.
 
Analysis
Turning to the evidence of record, the record includes little in the way of historic medical records. The medical evidence includes opinions specific to this appeal, some old examinations for the Veteran’s service-connected disabilities, the death certificate, and service treatment records. 
In December 2017, the appellant submitted an opinion from T.K., Nurse Practitioner. T.K. concluded that “[t]he Veteran’s diagnosis of hepatic steatosis and renal toxicity are at least as likely as not caused by or the result of the Veteran’s exposure to contaminated water at Camp Lejeune.” The rationale is that Camp Lejeune’s water was contaminated at the time the Veteran served their and “Hepatic Steatosis and renal toxicity are two of the fifteen conditions recognized by the National Academy of Science’s National Research Council as having limited/suggestive evidence of an association with TCE, PCE, or a solvent mixture exposure.” For purposes of adjudicating claims involving contaminated water at Camp Lejeune “contaminants in the water supply means the volatile organic compounds trichloroethylene (TCE), perchloroethylene (PCE), benzene and vinyl chloride ….” 38 C.F.R. § 3.307(a)(7).
The RO obtained a VA physician’s opinion in December 2017. The physician, who is an expert in internal medicine, provided an opinion that “Veteran’s end state cirrhosis with hepatorenal syndrome is less likely than not caused by or a result of the veteran’s exposure to CLCW [Camp Lejeune contaminated water].” The rationale for this opinion is the lack of primary medical records relating to the claimed conditions making it impossible for the examiner to assess Veteran’s other risk factors for the claimed conditions. The examiner expressed her willingness to revisit the opinion if additional medical records are provided. 
In June 2018, which was during the 90-day period open to appellant to submit evidence relating to this appeal, the appellant submitted a May 2018 opinion from physician D.J. who was the Veteran’s doctor since 2004. Dr. D.J. provided an opinion that “the Veteran’s endstage cirrhosis with hepatorenal syndrome is at least as likely as not due to his exposure to contaminants in the Camp LeJeune water supply.” [Internal all caps and bold excluded.] The rationale is the length of the Veteran’s exposure to contaminants at Camp Lejeune; his lack of risk factors, family history, or medical predisposition that would cause cirrhosis or hepatorenal syndrome, which Dr. D.J. attests to on his having attended the patient since 2004; the Veteran’s acceptance for treatment under 38 C.F.R. § 17.400 Hospital care and medical services for Camp Lejeune veterans; and the fact that medical documentation and studies show some relationship between exposure to chemicals such as those that constitute contaminants in the water supply at Camp Lejeune and cirrhosis with hepatorenal syndrome.
In weighing the medical opinion evidence, although the Board finds all the medical opinions probative of the “nexus” element, the Board finds Dr. D.J.’s opinion to be the most persuasive. The opinion included a comprehensive explanation as to why the Veteran’s liver conditions are related to presumed in-service exposure to contaminated water, to at least an equipoise standard. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303 (2008).
T.K.’s December 2017 opinion noted that there are two conditions (listed in 38 C.F.R. § 17.400) that are presumed to be due to Camp Lejeune contaminated water exposure for treatment purposes. The conditions of hepatic steatosis and renal toxicity are not the exact liver diagnoses for the Veteran and this list does not establish a presumption of service connection for compensation purposes. Nevertheless, Dr. D.J.’s explanation further explained that Veteran’s diagnoses of endstage cirrhosis with hepatorenal syndrome can be linked to the chemicals in the contaminated water in a similar manner.
The December 2017 VA medical opinion coming to a negative conclusion on the relationship between the Veteran’s Camp Lejeune exposure and his endstage cirrhosis with hepatorenal syndrome is primarily based on the lack of available medical history. The opinion does not stand for the idea that it is not medically possible, only that the VA physician did not have enough information, which is understandable given the lack of medical treatment records. However, Dr. D.J. having treated the Veteran since 2004 fills this information gap. For instance, Dr. D.J. notes that the Veteran did not drink, smoke, or have a family history of these conditions, nor was he medically predisposed to the conditions. This is extremely persuasive given Dr. D.J.’s knowledge of the Veteran’s medical history dating back over a decade prior to his death.
As such, and when resolving reasonable doubt in the appellant’s favor, the Board finds that the Veteran’s endstage cirrhosis with hepatorenal syndrome is related to exposure to contaminated water at Camp Lejeune. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Therefore, endstage cirrhosis with hepatorenal syndrome is “service connected.” 
Furthermore, given that endstage cirrhosis with hepatorenal syndrome is listed on the Veteran’s death certificate as the immediate cause of death, the Board finds that endstage cirrhosis with hepatorenal syndrome caused the Veteran’s death. Accordingly, service connection for the cause of the Veteran’s death is warranted. 
2. Accrued benefits.
When a Veteran has a claim pending at the time of their death, their surviving spouse may be paid periodic monetary benefits, which were due and unpaid, to which the Veteran was entitled at the time of their death based on existing ratings or decisions, or other evidence that was on file when he died. 38 U.S.C. § 5121; 38 C.F.R. § 3.1000.
While an accrued benefits claim is separate from a veteran’s claim filed prior to death, the accrued benefits claim is derivative of the veteran’s claim; thus, an appellant takes the veteran’s claim as it stood on the date of death, but within the limits established by law. Zevalkink v. Brown, 102 F.3d 1236, 1242 (Fed. Cir. 1996). For a surviving spouse to be entitled to accrued benefits, the veteran must have had a claim pending at the time of his death for such benefits or else be entitled to them under an existing rating or decision. See Jones v. West, 136 F.3d 1296, 1299 (Fed. Cir. 1998); Taylor v. Nicholson, 21 Vet. App. 126, 128-29 (2007). Notably, a surviving spouse could also be substituted to continue any pending claim to completion. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010.
There are no specific contentions made as to this issue but the Board will address it as the December 2017 rating decision on appeal included the issue. While there is some correspondence predating the Veteran’s October 2017 death, none pertains to a claim dating back to a March 2006 notification letter that compensation benefits were granted for the Veteran’s service-connected headaches and tinnitus. The Veteran did not appeal that decision and submitted no additional compensation claims thereafter. As there were no pending claims or appeals at the time of his death, the Board concludes that accrued benefits are not warranted.

 
RYAN T. KESSEL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Dustin L. Ware